United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. BRIAN F. BARTOLOME, | No. C-07-04888 EDL |
| Plaintiff, | **REPORT AND RECOMMENDATION RE: PLAINTIFF'S APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>** |
| v. | |
| UNITED STATES, et al., | |
| Defendant. | |

Plaintiff D. Brian F. Bartolome filed his complaint on September 20, 2007, along with an application to proceed <u>in forma pauperis</u>. On January 17, 2008, Plaintiff faxed an "Ex Parte Motion for the Appointment of an Attorney." Also on January 17, 2008, Plaintiff faxed an "Ex Parte Motion to Revert Decision of Consent to the Court," asking the Court to determine whether the case should be assigned to a magistrate judge or a district judge. There is no mechanism for the Court to make that determination; the decision whether to consent to assignment to a magistrate judge is entirely up to Plaintiff. Because Plaintiff has not consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), the Court issues this Report and Recommendation and will reassign the case to a district judge.

Based on the information contained in Plaintiff's application to proceed <u>in forma pauperis</u>, the Court recommends granting the application. For the following reasons, the Court recommends denying the Ex Parte Motion for the Appointment of an Attorney and dismissing Plaintiff's complaint with prejudice.

The Court has discretion to appoint counsel for an indigent plaintiff where it finds "exceptional circumstances." <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1990). A determination that a case involves exceptional circumstances requires an

1  evaluation of both the merits of the case and the ability of the pro se plaintiff to articulate his claims
2  in light of the complexity of the legal issues involved.  Id.  Having reviewed Plaintiff's complaint,
3  the Court does not find Plaintiff's complaint to be "exceptional."  Because the complaint is devoid
4  of any specific facts or conduct by the named Defendants to support the numerous claims, the Court
5  cannot determine whether the case has merit or whether complex legal issues warrant the
6  appointment of counsel. Accordingly, the Court recommends denying Plaintiff's Ex Parte Motion
7  for Appointment of an Attorney.

8      Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the
9  commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a
10 person who makes affidavit that he is unable to pay such costs or give security therefor."  In
11 reviewing an application to proceed in forma pauperis, the court may dismiss a case sua sponte if the
12 court determines that the party applying for in forma pauperis status has filed a frivolous action.  28
13 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).  For purposes of 28
14 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.  Neitzke v.
15 Williams, 490 U.S. 319, 325 (1989).  Moreover, according to Neitze, a court may dismiss an in
16 forma pauperis complaint sua sponte under 28 U.S.C. § 1915(d) when the claim is "fantastic or
17 delusional. . . ."  Neitze, 490 U.S. at 328.  Dismissal on these grounds is often made sua sponte prior
18 to the issuance of process, so as to spare prospective defendants the inconvenience and expense of
19 answering such complaints.  Id. at 324.

20      Here, Plaintiff's complaint is incomprehensible and incoherent.  For example, Plaintiff states
21 no basis for the Court's jurisdiction, instead stating: "The situation was roving and covered vast
22 areas and issues. The situation is complex."  Compl. ¶ 3.  Plaintiff states that he cannot give a
23 statement of the case "without discussing matters that may be deemed by the Government to be
24 classified in nature."  Compl. ¶ 5.  Plaintiff's complaint appears to be based on his contention that "a
25 'high-priority' issue of 'containment' has been initiated upon the Plaintiff for an extensive period of
26 time" (Compl. ¶ 10), but there are no facts alleged in the complaint to support any of the numerous
27 claims listed in the caption of the complaint.  Plaintiff lists seventy-five "alleged (classified)
28 activities/premeditated acts" that it appears Plaintiff attributes to Defendants, including "Good

**United States District Court**
For the Northern District of California

Cop/Bad Cop," "Inside Job" and "Pride-and-Ego Down," but there are no facts to support these alleged acts. Compl. ¶ 35. The complaint also lacks prayer for relief, instead conditioning release of that information on an undisclosed timeline:

> The plaintiff is prepared to submit a prayer for relief to the Court, but the information to be provided is contingent on the proposed timeline. The issues addressed in this timeline are sensitive and could involve international issues, depending on the Court's decision of inclusion. The Plaintiff does not want to be responsible for releasing this information as a form of publicly accessible Court document(s), without the Court's approval.

Compl. ¶ 6.

Taken as a whole, Plaintiff's complaint is "fantastic and delusional" (see Neitze, 490 U.S. at 328) and fails to state any coherent claim against any Defendant. Accordingly, the Court recommends dismissing Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

Dated: January 18, 2008

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

3