1  D. Brian F. Bartolome
   P.O. Box 3045
2  Santa Monica, CA 90408-3045
   (310) 880-1164
3  Plaintiff
   In Propria Persona
4
5
6                                              
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10
11 D. BRIAN F. BARTOLOME;        ) Case No.: C 07 4888 ~~EDL~~ PJH
                                 )
12 JENNIFER FORD (DECEASED);     ) 1. EX-PARTE MOTION TO
                                 )    REVERT DECISION OF
13 DOES 1 THRU 10;               )    CONSENT TO THE COURT
                                 )    (ASSIGNMENT TO A U.S.
14         PLAINTIFFS,           )    MAGISTRATE OR U.S.
                                 )    DISTRICT COURT JUDGE)
15     vs.                       )
                                 )
16 United States of America;     )
                                 )
17 United States Department of   )
                                 )
18 Justice; William French       )
                                 )
19 Smith; Edwin Meese, III;      )
                                 )
20 Richard Thornburgh; William   )
                                 )
21 Barr; Janet Reno; John        )
                                 )
22 Ashcroft; Alberto Gonzalez;   )
                                 )
23 United States Attorney        )
                                 )
24 General (Subordinate); Air    )
                                 )
25 Force Intelligence; Army      )
                                 )
26 Intelligence; Coast Guard     )
                                 )
27 Intelligence; Department of   )
                                 )
28 Homeland Security; Federal    )
                                 )
   _____)

EX-PARTE MOTION TO REVERT JUDGE'S ASSIGNMENT TO U.S. DISTRICT COURT 20080116.08'6      1

| | |
|---|---|
| 1 | Bureau of Investigation;            ) |
| 2 | National Security Agency;           ) |
| 3 | Navy Intelligence; and the          ) |
| 4 | United States Department of         ) |
| 5 | State (Bureau of Intelligence)       |
| 6 | and Research); and Does 1           ) |
| 7 | thru 10;                            ) |
| 8 |       DEFENDANTS.              ) |

EX-PARTE MOTION

PLAINTIFF HEREBY REQUESTS THAT THE COURT BE MADE THE DECISION MAKER WITH REGARD TO CONSENT / DECLINATION OF ASSIGNMENT (TO A U.S. MAGISTRATE JUDGE OR U.S. DISTRICT COURT JUDGE) TO THE NORTHERN DISTRICT COURT. BASED ON THE FOLLOWING REASONS:

1. THIS CASE IS VERY COMPLEX.
2. THIS CASE WILL INVOLVE QUESTIONING THE GOVERNMENT OVER THEIR PRACTICES — RELEVANT TO THEIR ACTIONS AND THE USE OF FORCE (PHYSICAL, PSYCHOLOGICAL, PHYSIOLOGICAL, AND ELECTRONIC).
3. PLAINTIFF CANNOT ACCURATELY ANSWER THE QUESTION OF ASSIGNMENT TO A U.S. MAGISTRATE JUDGE OR A U.S. DISTRICT COURT JUDGE BECAUSE OF HIS KNOWLEDGE OF THE CASE.
   a. PLAINTIFF BELIEVES HE HAS ALREADY EXHAUSTED ADMINTRATIVE REMEDY THROUGH THE EXECUTIVE BRANCH OF GOVERNMENT AND HAS BEEN DIRECTED TO RESOLVE THE MATTER WITH THE DEPARTMENT OF JUSTICE. PLAINTIFF BELIEVES HE CANNOT FAIRLY RESOLVE THE MATTER WITHOUT COURT SUPERVISION.
   b. PLAINTIFF BELIEVES HE HAS ALREADY EXHAUSTED POSSIBLE REMEDY THROUGH THE LEGISLATIVE BRANCH OF GOVERNMENT BY PROVIDING THE SENATE WITH THE APPROPRIATE INFORMATION NECESSARY TO ESTABLISH CORRECTIVE LEGISLATION, SINCE 2004.

    c. PLAINTIFF BELIEVES THAT THE PROCEEDURES BEING USED TO ALLOW THE PLAINTIFF ENTRY INTO THE COURT SYSTEM MAY BE OUTDATED.

4. PLAINTIFF UNDERSTANDS THAT THE INTELLIGENCE COURT (PANEL) AND THE FISA COURT (PANEL) MAY EXIST TO ADDRESS COMPLAINTS LIKE THIS, BUT PLAINTIFF HAS DECIDED TO FILE WITH THIS COURT FIRST, BECAUSE HE DOES NOT KNOW THE COURT'S POSITION ON MATTERS LIKE THIS. PLAINTIFF ALSO DOES NOT KNOW IF HE CAN COMPEL THESE ENTITIES TO PROVIDE HIM WITH REMEDY.

5. BECAUSE OF THE NATURE OF THIS CASE, PLAINTIFF DOES NOT KNOW IF ASSIGNMENT TO A U.S. MAGISTRATE JUDGE OR ASSIGNMENT TO A U.S. DISTRICT COURT JUDGE MAKES A DIFFERENCE — WITH REGARD TO THE RELATIONSHIP BETWEEN CONGRESS AND THE SENATE. MORE SPECIFICALLY, THE RELATIONSHIP BETWEEN THE U.S. HOUSE OF REPRESENTATIVES AND THE SENATE AND HOW INFORMATION IS SHARED IS OF CRITICAL IMPORTANCE TO THIS CASE.

6. PLAINTIFF KNOWS THAT DIFFERENCES EXIST BETWEEN INFORMATION PASSED TO THE U.S. HOUSE OF REPRESENTATIVES AND INFORMATION PASSED TO THE U.S. SENATE WITH REGARD TO THE ISSUES INOVLVING THIS CASE.

7. PLAINTIFF DOES NOT KNOW IF THERE IS ANY DIFFERENCE IN SELECTING A U.S. MAGISTRATE JUDGE VERSUS A U.S. DISTRICT COURT JUDGE WITH RELATION TO THAT STATED IN ITEM #6.

1 | Dated: Wednesday, January 16, 2008

By: _____
D. Brian F. Bartolome
In Propria Persona
Defendant